UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAURICE TAYLOR,

Plaintiff,

v.

Case No. 2:26-cv-12259
Susan K. DeClercq

SHARROW & RODRIGUEZ,

Defendants.
_______________________________/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

## I. INTRODUCTION

Michigan prisoner Taurice Taylor ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against two corrections officers at the St. Louis Correctional Facility in St. Louis, Michigan. In his complaint, he alleges that the officers, Sharrow and Rodriguez, violated his Eighth Amendment rights by failing to allow him to use the restroom in a timely manner during prison visitation, which caused him to urinate on himself. Plaintiff sues the defendants in their official and individual capacities and seeks declaratory relief and monetary damages. ECF No. 1. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this case pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 7.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the

bare assertion of legal principles or conclusions. *Id.* Rule eight "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts showing that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986).

Plaintiff's complaint is subject to summary dismissal. Plaintiff alleges that the defendants violated his Eighth Amendment rights by failing to allow him to use the

bathroom for about one hour during a prison visitation on May 31, 2026, which made him urinate on himself and caused him to be embarrassed and humiliated. ECF No. 1, PageID.3.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const., Amend. VIII. The unnecessary and wanton infliction of pain upon a prisoner constitutes cruel and unusual punishment under the Eighth Amendment. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). As to conditions of confinement, the Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." *Id*. at 348. The deprivation "must result in the denial of "the minimal civilized measure of life's necessities." *Id*. at 347.

A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet both objective and subjective requirements to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that he is incarcerated under conditions posing a "substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for his safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837.

In this case, Plaintiff complains about being denied access to a bathroom for about one hour during prison visitation on one occasion. While being deprived of access to a bathroom for an extended period of time, on multiple occasions, in combination with other deprivations, and/or under certain circumstances such as a known medical condition may rise to the level of a constitutional violation, *see, e.g., Aikens v. Mack*, No. 15-12016, 2017 WL 9472753, *5 (E.D. Mich. Feb. 21, 2017) (discussing such possibilities), R & R adopted, No. 15-12016, 2017 WL 1130093 (E.D. Mich. Mar. 27, 2017), such a brief and isolated instance of being denied access to a bathroom does not satisfy the objective component for stating an Eighth Amendment claim. *See, e.g., Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (dismissing inmate's claim that he was denied permission to use the bathroom for three hours); *Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) (prisoner's claim that he was not allowed to use the bathroom and had to sit in his urine for two eight-hour periods did not constitute an Eighth Amendment violation); *Williams v. Kik*, No. 18-CV-13608, 2019 WL 529288, *3 (E.D. Mich. Feb. 11, 2019) (summarily dismissing prisoner's Eighth Amendment claim that he was denied bathroom access during count and urinated on himself); *Harvey-Ogentho v. Walter*, No. 5:25-CV-

P118-JHM, 2026 WL 297705, *3 (W.D. Ky. Feb. 4, 2026) (summarily dismissing prisoner's claim that he was not allowed to use the bathroom on two occasions for failure to state a claim); *Lane v. Green*, No. 5:21-CV-1377, 2022 WL 60215, *2 (N.D. Ohio Jan. 6, 2022) (dismissing Eighth Amendment claim where plaintiff was forced to urinate on himself when he was denied bathroom use during class); *Pena v. Brown*, No. 2:20-CV-250, 2021 WL 4350124, *10 (W.D. Mich. Sept. 23, 2021) (dismissing prisoners' claims that they were denied bathroom access for 13 hours and 11 hours, respectively, for failure to state a claim); *Johnson v. Sharp*, No. 1:10-CV-978, 2013 WL 1289499, *3 (W.D. Mich. Mar. 27, 2013) (dismissing Eighth Amendment claim where prisoner cited isolated incident when he was denied bathroom use for two or three hours); *Dominguez-Mendez v. McCoy*, No. CIV.A. 5:10-347-KKC, 2011 WL 1430325, *2-3 (E.D. Ky. Apr. 13, 2011) (summarily dismissing claim where prisoner was denied bathroom access for 15 minutes and defecated on himself); *Johnson v. McByrde*, No. 2:10-CV-131, 2010 WL 3059248, *1-2 (W.D. Mich. August 4, 2010) (prisoner failed to state an Eighth Amendment claim when he was denied a bathroom for a brief time during count and urinated on himself).

Courts in other jurisdictions have reached the same conclusion. *See, e, g., Robertson v. White*, No. CV 25-476, 2025 WL 3002057, *7 (E.D. La. Sep. 16, 2025), R & R adopted, 2025 WL 2997440 (E.D. La. Oct. 24, 2025); *Phillips v. LaValley*, No. 9:12-CV-609 NAM/CFH, 2014 WL 1202693, *13 (N.D.N.Y. Mar. 24, 2014) (citing

cases); *Smith v. Boyd*, 2012 WL 3230646, *9 (M.D. Ala. July 5, 2012) (Eighth Amendment was not violated when an inmate was denied access to a bathroom for several hours during a search); *Hernandez v. Battaglia*, 673 F. Supp. 2d 673, 677 (N.D. Ill. 2009) (denial of bathroom during three to five-hour cell shakedown did not state an Eighth Amendment claim); *Owens v. Padilla*, 2008 WL 3916068, *4 (N.D. Cal. Aug. 22, 2008) (confinement in prison barbershop for six hours without a bathroom did not state an Eighth Amendment claim); *Rogers v. Laird*, No. 07-CV-668 (LEK/RFT), 2008 WL 619167, *3 (N.D.N.Y. Feb. 8, 2008) (three-hour lack of bathroom access was not an extreme deprivation of life's necessities); *Whitted v. Lazerson*, No. 96–CV2746 (AGS), 1998 WL 259929, *1-2 (S.D.N.Y. May 21, 1998) (no constitutional violation where plaintiff waited 90 minutes to use the bathroom, during which time he painfully held his bowel movement and partially urinated and defecated in his clothes).

Being denied access to a bathroom for one hour during prison visitation on one occasion simply does not create a risk of substantial harm so as to satisfy the objective component for stating an Eighth Amendment claim. To be sure, Plaintiff does not allege that he suffered any physical harm from the incident. His claims of embarrassment and humiliation, while understandable, are *de minimis* injuries that do not rise to the level of a constitutional violation.

Plaintiff also fails to satisfy the subjective component for stating an Eighth

Amendment claim. He does not set forth any facts to show that the defendants were deliberately indifferent to his serious needs or otherwise acted intentionally to deny him access to a bathroom. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009). Rather, Plaintiff states that Sharrow told Rodriguez, who was manning the door, that Plaintiff needed to use the bathroom and that Sharrow was waiting for a response, and admits that he was allowed to use the bathroom, albeit too late, at the end of visitation. ECF No. 1, PageID.3. Such facts do not indicate that the defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff, but rather, at most, show a lack of due care. Plaintiff fails to state a viable Eighth Amendment claim. His complaint must therefore be dismissed.

## III. CONCLUSION

For the reasons stated above, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights complaint, ECF No. 1.

Lastly, the Court concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 6, 2026